IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE APPLICATION OF DINA HLACE<br><br>REQUEST DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Misc. Case No.: 19-mc-21553 |

**APPLICANT'S EX PARTE MOTION TO ADMINISTRATIVELY RE-OPEN THE CASE
AND FOR LEAVE TO SERVE NEW/SUPPLEMENTAL SUBPOENA**

Applicant Dina Hlace ("Ms. Hlace"), by and through undersigned counsel, moves this Court to Administratively Re-Open this Case and grant her leave to serve a supplemental subpoena in support of her Ex Parte Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 ("Application") [ECF No. 1]. In support, Ms. Hlace states as follows:

**INTRODUCTION**

On April 23, 2019, Ms. Hlace filed her original Application seeking an order from the Court authorizing her to issue and serve subpoenas on BB&T Corporation (now known as Truist Financial Corporation), Citigroup, Inc., HSBC USA, Inc., and J.P. Morgan Chase & Co. (collectively, the "Financial Institutions"), all of whom are found in this District. [ECF No. 1]. By Order dated April 24, 2019, this Court granted Ms. Hlace's Application to obtain discovery from the Financial Institutions. [ECF No. 5]. Upon the issuance of the Order, the case was administratively closed by the Clerk of Courts, but this Court nonetheless retained continuing jurisdiction and oversight over the discovery process. On May 2, 2019, following this Court's Order, Applicant served each of the Financial Institutions with a subpoena to produce documents,

information, and objects or to permit inspection of premises in a civil action (collectively, the "Subpoenas"). The Subpoenas are attached hereto as **Composite Exhibit A**. On May 23, 2019, BB&T Corporation ("BB&T" n/k/a "Truist"), one of the subpoenaed Financial Institutions responded and produced documents and other information in response to a subpoena. BB&T's Affidavit in Response is attached hereto as **Exhibit B**. In connection with the Affidavit, BB&T produced a limited number of documents. Despite obtaining various financial documents, the posture of the Argentine proceeding at that time made it difficult for Ms. Hlace to evaluate and comprehend the documents that had been produced by BB&T. Additionally, certain delays caused by events outside of Ms. Hlace's control, including changing her legal counsel, led to a delay in BB&T's production of documents being adequately reviewed. It was only recently that undersigned counsel was made aware that BB&T failed to provide the documents originally due pursuant to the May 2, 2019 subpoena. As such, this Court should grant this Motion so that discovery critical to the ongoing Argentine Proceeding can be completed.

***Ms. Hlace Retains New Counsel and Seeks Further Discovery from Truist***

After Ms. Hlace retained the undersigned counsel and the undersigned had an opportunity to review BB&T's response to the May 2, 2019 subpoena, the undersigned noted several missing documents and several requests in the subpoena that were not properly responded to. As a result, on April 27, 2022, a letter was sent to Truist requesting that it comply with the subpoena and produce all responsive documents including, but not limited to, documents and correspondences relating to wire transfers for Roberto Hlace's account. *See* Letter attached hereto as **Exhibit C**. Truist has not voluntarily agreed to produce these documents and, instead, on May 6, 2022 requested that a new subpoena be issued. *See* Truist's Response attached hereto as **Exhibit D.** During a phone call with the undersigned, Truist explained that a new subpoena was required as a

result of the change in ownership in the bank. As a result of Truist's request, Ms. Hlace now seeks to have this Court administratively re-open this matter, exercise its continuing jurisdiction, and grant her leave to serve a supplemental subpoena on Truist based on its May 6, 2022 request, and the deficiencies highlighted in Ms. Hlace's April 27 letter. As opposed to the original subpoena which sought a much broader array of information, the supplemental subpoena focuses on requesting further documentation relating to BB&T's 2019 production. Additionally, the supplemental subpoena is addressed to Truist instead of BB&T as requested in Truist's May 2022 response. *See* Proposed Subpoena attached hereto as **Exhibit E.**

## MEMORANDUM

### I.   This Court Should Re-Open this Case

Ms. Hlace seeks to re-open this matter so that she can complete the remaining discovery in aid of the ongoing Argentine Proceeding. Pursuant to Federal Rule of Civil Procedure 54(b), a court "may [revise]" a prior decision, as long as it is not a final judgment, "at any time before the entry of a judgment adjudicating all the claims and all the parties / rights and liabilities." Fed. R. Civ. P. 54(b). Based upon the chronology of events, as outlined above, and the balance of equities, factoring in the delays outside of Ms. Hlace's control, as well as Truist's request that a new subpoena be issued, good cause exists to administratively re-open this matter, for this Court to exercise its continuing jurisdiction to ensure completion of the discovery process. *See* [ECF No. 5] (wherein this Court states, "[t]he Court ***shall*** retain jurisdiction over this matter for the purpose of enforcing this Order, as appropriate, ***and assessing any supplemental request for discovery***.") (emphasis added). Furthermore, other circuits have held that "administratively closing a case is merely a case-management tool used by district court judges to obtain an accurate count of active cases." *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006); *Lehman v. Revolution*

3

*Portfolio L.L.C.,* 166 F.3d 389, 392 (1st Cir. 1999) ("[t]his method is used in various districts throughout the nation in order to shelve **pending, but dormant**, cases.") (emphasis added)); *Florida Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("[d]esignating a case 'closed' **does not** prevent the court from reactivating a case either of its own accord or at the request of the parties.") (emphasis added). Moreover, other courts have routinely granted leave to serve additional subpoenas following the initial entry of an order granting a § 1782 application. *In re Pons*, 1:19-MC-23236, 2020 WL 5355967, at *2 (S.D. Fla. Sept. 7, 2020) (granting movant's motion for leave to serve additional subpoenas ten months after granting request for judicial assistance under § 1782); *see also Fialdini*, 21-MC-0007-WJM-NYW, 2021 WL 411105, at *5 (D. Colo. Feb. 5, 2021) (granting leave to serve additional subpoenas to new parties two months after granting § 1782 application); *see also In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 137 (S.D.N.Y. 2010) (granting two additional subpoenas after initially granting the movant's application under § 1782).

**II.     This Court Should Grant Ms. Hlace Leave to Issue a Supplemental Subpoena**

Like in her original Application filed in 2019, Ms. Hlace is once again requesting this Court enter an Order granting her leave to issue a subpoena for use in the ongoing Argentine Proceeding. *See* ECF No. 1. Pursuant to 28 U.S.C. § 1782, a district court has discretion to grant leave to issue subpoenas and otherwise "provide federal court assistance in gathering evidence for use in foreign tribunals." 28 U.S.C. § 1782. Here, the supplemental subpoena seeks to gather additional information based on BB&T's response to the 2019 subpoena, while reflecting the change in ownership from "BB&T" to "Truist" as requested in Truist's 2022 response.

As highlighted by Ms. Hlace in her original Application, the factors set out by the Eleventh Circuit that must be considered in granting § 1782 Applications are the following: "(1) the request

must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal citations omitted)).

Here, like in her original Application, Ms. Hlace is attempting to obtain information to assist in the gathering of assets belonging to her father, Roberto Hlace's estate. The Argentine Proceeding, which is the proceeding Ms. Hlace originally based her original Application off, remains ongoing in the Argentine National Court of First Instance for Civil Matters. Thus, Ms. Hlace is an "interested person" as she, among other things, remains an heir to her father's estate. Because Ms. Hlace has a continuing interest in the foreign proceeding, this Court should have no difficulty finding that she remains an interested person and grant her leave to issue her supplemental subpoena. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 257 (2004) (defining an "interested person" as anyone who "merely possess[es] a reasonable interest in obtaining the assistance"); *see also In re Pimenta*, 942 F. Supp. 2d 1282, 1286-87 (S.D. Fla. 2013) ("interested person[s]" are those who will file forthcoming probate proceedings in foreign country).

As in the original Application, the remaining factors continue to be met here. Specifically, Ms. Hlace's original subpoena requested documents and correspondence relating to wire transfers made to and from accounts containing trust assets. Other than naming the entity "Truist" rather than "BB&T," the supplemental subpoena attached is no different from the original, except that it seeks a narrower set of information based on BB&T's initial response. *See* Ex. E. As such, Ms.

Hlace is requesting to obtain this evidence in order to properly ascertain all the assets associated with her father's estate, and potentially determine whether certain assets were improperly handled following her father's passing. *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009) ("The Magistrate Judge did not err by granting discovery 'for context,' when such discovery is allowed under Rule 26(b)(1)."). Here, the discovery sought is directly related to, and is sought for the purposes of gaining context as to the transfers outlined by BB&T and how they relate to the Argentine proceedings. Finally, as stated in the original Application, Truist (i.e., BB&T) has had, and continues to have, offices in Miami and, therefore, resides or is otherwise found in this District for the purposes of 28 U.S.C. § 1782. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (finding that a corporation "which has an office and does business in Miami [ ] is [ ] 'found in the district of the district court ruling on the application for assistance' – namely, the Southern District of Florida.") (internal citations omitted).

In addition to the above-mentioned factors, the Supreme Court also requires several discretionary factors to be considered in a proceeding under 28 U.S.C. § 1782. *See* [ECF No. 1]. (listing the discretionary factors established by the Supreme Court in *Intel Corp.* 542 U.S. at 264-265, "(1) whether the respondents are parties in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign tribunal to assistance from a United States federal court; (3) whether the discovery application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is intrusive or burdensome." *In re Jagodzinski*, 18-20606-MC, 2019 WL 1112389, at *3 (S.D. Fla. Jan. 15, 2019) (citing *Intel Corp.*, 542 U.S. at 264-265).

Here, like in the original Application, Ms. Hlace meets all discretionary factors. First, Truist is not, nor has ever been, an active participant in the Argentine proceedings and Ms. Hlace would not be able to obtain discovery from Truist in Argentina. *In re Application of Setraco Nigeria Ltd.*¸ No. 3:13-mc-16-32MCR, 2013 WL 3153902, at *2 (M.D. Fla. June 19, 2013) (holding that because Bank of America is not a participant in the proceedings, this factor weighs in favor of the Applicant).

Second, there is no factor or policy regarding the nature of the Argentine proceeding that would weigh against granting Ms. Hlace's supplemental request. Additionally, there has been no indication that the Argentine tribunal would not be receptive to further assistance from this Court, as this Court has already assisted with discovery in this matter. [ECF No. 5].

Third, Ms. Hlace makes no attempt to circumvent foreign proof-gathering restrictions or the policies of Argentina or the United States. Here, the documents Ms. Hlace is seeking are only available in the United States and Ms. Hlace is following the appropriate procedure in order to obtain those supplemental documents and information. There is no indication that granting this supplemental request would offend any tribunal in Argentina or circumvent any proof-gathering procedures therein.

Finally, the discovery Ms. Hlace is seeking is neither intrusive nor unduly burdensome, and instead is supplemental to the previously granted requests in this matter. [ECF No. 5]. However, because BB&T failed to sufficiently respond to the original subpoena or voluntarily produce these documents without a new subpoena, Ms. Hlace has been left with no choice but to seek this Court's assistance once again. As such, Ms. Hlace respectfully requests that this Court grant her leave to issue a new/supplemental subpoena so that she may obtain all the necessary documents and information she originally sought in 2019.

**III.     This Motion may be Granted *Ex Parte***

Applications pursuant to Section 1782 are routinely granted on an *ex parte* basis. *See, e.g., In re Clerici*, 481 F. 3d 1324, 1333 (11th Cir. 2007) (affirming denial of motion to vacate order granting Section 1782 *ex parte* application for discovery for use in foreign civil proceedings); *In re Trinidad & Tobago*, 848 F. 2d 1152, 1152 (11th Cir. 1988) (affirming Section 1782 *ex parte* order), *abrogated on other grounds by, Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004); *In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("most § 1782 applications (at least in this district) are filed and decided *ex parte*."). Accordingly, the Court may grant this Motion *ex parte*.

## CONCLUSION

For the reasons stated above, Applicant, Dina Hlace, respectfully requests this Court enter an order re-opening this matter and granting leave to issue a new/supplemental subpoena to Truist and award any and all other relief that this Court deems just and proper.

Dated: June 27, 2022                     **SANCHEZ FISCHER LEVINE, LLP**

                                                             1200 Brickell Avenue, Suite 750
                                                             Miami, Florida 33131
                                                             Tel: (305) 925-9947

                                                            By: */s/ David M. Levine*
                                                            David M. Levine, Esq.
                                                            Florida Bar No.: 84431
                                                            Email: dlevine@sfl-law.com
                                                            Secondary: eservice@sfl-law.com
                                                            Paola Sanchez Torres, Esq.
                                                            Florida Bar No. 99639
                                                            Email: psanchez@sfl-law.com
                                                            Antonia Iragorri Bernal, Esq.
                                                            Email: airagorri@sfl-law.com
                                                            Florida Bar No. 1025034

                                                            *Counsel for Dina Hlace*